**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                        **Case No. 5:13CR30**

**LUIS RICARDO QUINONES RODRIGUEZ**

     **Defendant.**

**MOTION TO REDUCE SENTENCE PURSUANT TO 18 USC SECTION
3582(c)(1)(A)(i) (COMPASSIONATE RELEASE)**

Mr. Quinones Rodriguez hereby moves for compassionate release based on extraordinary and compelling reasons under 18 U.S.C. §3582(c)(1)(A) and in support thereof states the following:

**I.      Background**

On February 4, 2016, Mr. Quinones Rodriguez was sentenced to 108 months for his role in a conspiracy to distribute more than 500 grams of methamphetamine. Prior to his conviction for this offense, he only had two misdemeanor convictions for possession of marijuana and a misdemeanor conviction for disorderly conduct on his record, for which he served a total of 15 days in a local jail. Presentence Report (PSR) at ¶¶ 38-40. He was admitted to pretrial release on his federal charges, abided by the terms of his release, and was allowed to self-report to the Bureau of Prisons on April 4, 2016. He has now served almost 60% of his sentence and has a current projected release date of August 31, 2023. Mr. Quinones Rodriguez is housed at FCI Elkton, a coronavirus hot spot, where 9 inmates have died since the beginning of the outbreak. The extraordinary and compelling reasons set forth

1

below are the combination of the coronavirus outbreak's rapidly spreading across the United States and having caused inmate deaths at the facility where Mr. Quinones Rodriguez is housed and the recent incapacitation of the mother of his two minor children causing them to be placed in foster care.

## II.    Pro Se Request for Compassionate Release

On April 14, 2020, Mr. Quinones Rodriguez filed a pro se request for compassionate release pursuant to 18 USC Section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018.  ECF No. 525.  This Court appointed the Federal Public Defender to evaluate Mr. Quinones Rodriguez' requested and determine whether to file an amended request.  This Court denied without prejudice Mr. Quinones Rodriguez' motion for release on the grounds that he had not first exhausted his administrative remedies within the Bureau of Prisons. ECF No. 527.

## III.    Statutory Framework and Sentence Reduction Authority

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code authorizes a sentencing court to reduce an otherwise final term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  Previously, a defendant was only eligible for such release upon a motion by the Director of the Bureau of Prisons; however, the amended statute allows for defense motions provided the defendant has exhausted his or her administrative remedies by first requesting that the BOP pursue compassionate release.  The amended is rooted in the "documented infrequency with which the

2

BOP filed motions for a sentence reduction on behalf of defendants." *United States v. Redd,* No. 1:97CR00006, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020).

### IV.    Exhaustion of Administrative Remedies

In his pro se filing, Mr. Quinones Rodriguez requested Compassionate Release based on the rapid spread of COVID-19 in the prison in which he is being held (FCI Elkton) and due to the recent placement of his minor daughters in foster care due to the incapacitation of their mother.  Though he had not exhausted his administrative remedies at the time of his initial filing, he has since done so.  Both Mr. Quinones Rodriguez and undersigned counsel have contacted the Warden of FCI Elkton requesting Compassionate Release and also home confinement under the CARES Act.  Both of these requests were denied on April 24, 2020 and April 27, 2020, respectively.  See Attached Exhibits 1 and 2.  With regard to his Compassionate Release request, the Warden wrote that he does "not meet the criterial for a compassionate release/reduction in sentence at this time."  See Attached Exhibit 1.  The Warden further wrote that the "BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates." *Id.*  Despite these assurances, Mr. Quinones Rodriguez tested positive for COVID-19 on May 16, 2020.  Mr. Quinones Rodriguez has now exhausted his administrative remedies and this Court can take action on this motion on May 24, 2020.

### V.    Mr. Quinones Rodriguez has demonstrated extraordinary and compelling reasons for a sentence reduction and such a reduction is consistent with applicable policy statements

### 1. Policy Statements

Section 1B1.13 of the Sentencing Guidelines Manual sets forth the criteria that a court should use to evaluate whether a sentence reduction is appropriate. This section provides that a reduction is appropriate if the court determines that –

> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 USC § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 USC § 3142(g); and
> (3) The reduction is consistent with this policy statement.

USSG § 1B1.13.

Though the compassionate release statute does not expressly define or limit what constitutes an "extraordinary and compelling" reason for a sentence reduction, the Commentary to USSG § 1B1.13 provides some guidance that is relevant to Mr. Quinones Rodriguez' request. Specifically, "extraordinary and compelling reasons" exist where "(C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) … for "other reasons" other than, or in combination with, the reasons described in Applications Notes (A)-(C)." USSG § 1B1.13, cmt.n.1 (C)-(D).

### 2. COVID-19 Pandemic

By any measure, the present global pandemic, which has spread through BOP facilities like wildfire endangering prisoners and staff alike, is an extraordinary circumstance beyond what most Americans have experienced. In

4

courts around the country, prosecutors have argued that inmates are safely quarantined in jails and prisons. Despite officials' best intent and efforts, prisons are unequipped to control coronavirus. The most recently available data reflect that as of May 21, 2020, 4,502 BOP inmates are currently infected or have recovered from COVID-19, 583 BOP staff members are currently infected or have recovered, and there have been 59 deaths.[1] In FCI Elkton, where Mr. Quinones Rodriguez is currently being held, there have been nine inmate deaths. At least 250 inmates and staff have already contracted the disease. The spread is not controlled.

On April 13th, the American Civil Liberties Union of Ohio and the Ohio Justice and Policy Center filed a class action habeas corpus petition to allow the immediate release, furlough or home confinement of "likely hundreds" of Elkton inmates who are at greater risk of serious illness or death from COVID-19, including: those who are more than 50 years old; have chronic lung disease or asthma; have serious heart conditions; or who are immunocompromised.[2]

David Carey, Senior Staff Attorney at the ACLU of Ohio observed: "[w]e've already seen that prisons are tinderboxes for COVID-19 because people are forced to exist in close, shared spaces for eating, sleeping, and bathing. Our clients, like everyone else in Elkton, are clustered together and completely unable to practice social distancing. Time is of the essence, and every day that goes by allows this

---

[1] See: https://bop.gov/coronavirus/. The

[2] *See* https://www.acluohio.org/archives/press-releases/aclu-of-ohio-and-ohio-justice-and-policy-center-file-class-action-habeas-petition-on-behalf-of-prisoners-at-fci-elkton-where-3-people-have-died-as-a-result-of-covid-19?c=183307

disease to spread both inside and outside the prison walls. Further delay will result in further death."[3]

The risk to Mr. Quinones Rodriguez posed by the coronavirus provides a compelling reason for his release to home confinement. Indeed, the fact that he has now tested positive for COVID-19 demonstrates that the BOP simply does not have the ability to protect inmates from the spread of the disease. However, the fact that he has contracted the disease should not disqualify him from consideration of compassionate release. Instead, his release is further justified in order to protect the remaining prisoners who have not yet tested positive. Prisons, like nursing homes and cruise ships, have a demonstrated record of failing to stop the rampant spread of COVID-19 to individuals confined in close quarters. A number of courts have granted compassionate release to inmates who have tested positive for COVID-19. See *United States v. Arreola-Bretado*, Case No. 3:19-cr-3410, Dkt. No. 50 (S.D. Cal. May 15, 2020) (granting compassionate release to defendant who tested positive for COVID-19 after concluding she will receive superior medical care outside of the custody of the Otay Mesa detention facility); *United States v. Fischman*, 16-cr-00246-HSG-1, ECF No. 76 (N.D. Cal. May 1, 2020) (granting compassionate release from Terminal Island to COVID-19-positive defendant); *United States v. Kriglstein*, 1:16-cr-00663-JCH-1, ECF No. 60 (D.N.M. Apr. 27, 2020) (staying for 5 days release of defendant who was tested for COVID-19 as condition of order granting compassionate release, with positive result); *United*

---

[3] *Id.*

*States v. Huntley*, No. 13-cr-119-ABJ, ECF No. 263, at 8 n.9, 10 (D.D.C. May 5,

2020) (ordering compassionate release for defendant who tested positive for COVID-

19 while motion was being litigated); *Yeury J.S. v. Decker*, Case No. 2:20-cv-5071-

KM, ECF. No. 20 (D.N.J. May 11, 2020) (ordering release for COVID-19-positive

immigration detainee).

### 3.  Incapacitation of Minor Children's Caregiver

As noted above, the commentary to USSG § 1B1.13 specifically recognizes that

the incapacitation of a minor child's caregiver is an extraordinary and compelling

reason supporting release.  As Mr. Quinones Rodriguez outlined in his pro se

motion, his family circumstances have changed dramatically since the time of his

sentencing.  ECF No. 525 at *6. His two minor children – ages 5 and 8 – were

recently placed in foster care due to the incapacitation of their mother.  Because

there were no other family members available to care for the children, they were

placed in foster care.  Undersigned counsel confirmed with the children's social

worker on May 22, 2020 that the children remain in foster care.  Mr. Quinones

Rodriguez is readily able to care for his minor children and this change in his

circumstance in combination with the COVID-19 pandemic supports his request for

release.

### 4.  Mr. Quinones Rodriguez is not a danger to the community

Mr. Quinones Rodriguez poses no threat to the public.  As noted above, he

only has three prior non-violent misdemeanors on his record before his non-violent

federal drug conviction.  He was released on bail during the pendency of his case

and he was also allowed to self-report to the BOP.  In the Warden's denial of his

home confinement request, he noted that Mr. Quinones Rodriguez scored with a

Low Risk Recidivism level.  His only prison infraction relates to possessing a

hazardous tool – that is, a cellmate had a cell phone.  Mr. Quinones Rodriguez does

not pose a danger to the community.

## CONCLUSION

For the foregoing reasons, Mr. Quinones Rodriguez respectfully request that

this Court enter an order allowing him to be release as of May 24, 2020.  By

converting his remaining months to home confinement, the Court will allow Mr.

Quinones Rodriguez to care for his minor children and provide him with a safer

environment in which to complete his sentence

Respectfully submitted,

LUIS RICARDO QUINONES RODRIGUEZ
By Counsel

s/ Andrea L. Harris
Asst. Federal Defender
Virginia State Bar No. 37764
Assistant Federal Public Defender
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Telephone: (434) 220-3380
Fax: (434) 220-3390

### CM/ECF CERTIFICATE OF SERVICE

I certify that on May 23, 2020, a true copy of the foregoing Motion for
Compassionate Release was electronically filed with the clerk of the court using
said court's CM/ECF electronic filing system and that to my knowledge and belief
this document will be electronically sent to these individuals:  counsel of record; and
I certify that I have mailed by United States Postal Service the document to the
following non-CM/ECF participants:  none.

S/Andrea L. Harris

Case 5:13-cr-00030-MFU-JGW    Document 530    Filed 05/23/20    Page 9 of 9
Pageid#: 5241

S/Andrea L. Harris