CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
8/26/2020

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Case No. 5:13cr30** |
| ) | |
| ) | **By: Michael F. Urbanski** |
| **LUIS RICARDO QUINONES RODRIGUEZ,**) | |
| **Defendant** ) | **Chief United States District Judge** |

### MEMORANDUM OPINION

This matter comes before the court on defendant Luis Ricardo Quinones Rodriguez' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 530. The government opposes Quinones Rodriguez' motion, ECF No. 535, and Quinones Rodriguez has filed a reply, ECF No. 539. For the reasons stated herein, the court will **GRANT** Quinones Rodriguez' motion.

### I.

On September 11, 2014, Quinones Rodriguez pled guilty to conspiring to distribute and possess with intent to distribute detectable amounts of methamphetamine and cocaine, and 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Quinones Rodriguez entered a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. On February 4, 2014, the court imposed a sentence of 108 months and five years of supervised release. Quinones Rodriguez is currently housed at FCI Elkton with a projected release date of August 31, 2023.

On April 14, 2020, Quinones Rodriguez filed a pro se motion for compassionate release, ECF No. 525, which the court denied without prejudice due to his failure to exhaust

1

administrative remedies within the Bureau of Prisons (BOP), ECF No. 527. On May 23, 2020, Quinones Rodriguez, represented by counsel, filed a renewed motion for compassionate release, wherein he argues that extraordinary and compelling reasons exists to warrant a reduction in his sentence because his two minor children were recently placed in foster care due to the incapacitation of their mother, ECF No. 530. Additionally, Quinones Rodriguez notified the court that he tested positive for COVID-19 in May 2020, but that he was asymptomatic. ECF No. 539.  Quinones Rodriguez asks the court to reduce his sentence to time served, converting the remaining 36 months of his sentence to home confinement. As this matter is fully briefed, it is ripe for disposition.[1]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Accordingly, Quinones Rodriguez' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and if Quinones Rodriguez is a danger to the safety of anyone else or the community.

    i.    <u>The government has waived the exhaustion requirement.</u>

The provision allowing defendants to bring motions for compassionate release under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u> The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Quinones Rodriguez made a written request to the warden on April 4, 2020, requesting compassionate release. <u>See</u> ECF No. 535-1. On April 24, 2020, the warden

3

responded, denying his request. See ECF No. 535-2. Quinones Rodriguez further requested home confinement from the BOP, which was also denied. See ECF No. 535-3. The court disagrees with Quinones Rodriguez that he has exhausted his available administrative remedies.

However, because the government states that "Quinones Rodriguez has therefore exhausted his administrative remedies," ECF No. 535, at 11, the government has waived such a requirement. See United States v. Russo, ___ F.Supp.3d ___, 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020) ("the Government can waive the affirmative defense of exhaustion."); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture). Accordingly, the court finds that the government has waived the exhaustion requirement.

ii.   Quinones Rodriguez presents extraordinary and compelling reasons to warrant a sentence reduction.

Because Quinones Rodriguez has exhausted his administrative remedies, the court must then consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). In determining what constitutes "extraordinary and compelling reasons," the court considers the related policy statements under the United States Sentencing Guidelines (USSG). See United States v. Muncy, No. 1:15-cr-25, 2020 WL 2614614, at *1 (W.D. Va. May 22, 2020). As such, the U.S. Sentencing Guidelines Manual § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the

caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" other than, or in combination with, the reasons described in Application Notes (A)-(C). Id., at cmt. n. 1(A)-(D).

Quinones Rodriguez argues that the incapacitation of his minor children's caregiver constitute extraordinary and compelling reasons. Following the language of the policy statement, Quinones Rodriguez' situation clearly fits into Application Note 1(C). See id., at cmt. n. 1(C). Specifically, Application Note 1(C) states, in pertinent part, "extraordinary and compelling reasons exist" where "the caregiver of the defendant's minor child or minor children" becomes incapacitated. Id. Here, the caregiver of Quinones Rodriguez' minor children is incapacitated such that his children are currently in foster care. Accordingly, the court finds that Quinones Rodriguez has satisfied the requirement that extraordinary and compelling reasons exists to warrant a sentence reduction.[2]

    iii.    <u>Quinones Rodriguez is not a danger to the safety of anyone else or the community and a sentence reduction is appropriate after considering the § 3553(a) factors.</u>

Having found that extraordinary and compelling reasons exist to warrant a reduction in Quinones Rodriguez' sentence, the court must first consider if he is a danger to the safety of anyone else or the community and if a sentence reduction is consistent with the applicable

---

[2] The government argues that Quinones Rodriguez "misses the mark" because he also seeks compassionate release due to the COVID-19 pandemic. See ECF No. 535, at 13. However, the government fails to argue that Quinones Rodriguez must establish multiple "extraordinary and compelling" reasons exist to warrant a sentence reduction. Therefore, because the court finds that Quinones Rodriguez has properly demonstrated that "extraordinary and compelling" reasons exist under the USSG, it need not determine if the COVID-19 pandemic also constitutes an "extraordinary and compelling" reason warranting a reduction in this case.

§ 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); § 1B1.13(2). Pursuant to § 1B1.13(2), the court must consider the 18 U.S.C. § 3142(g) factors in determining whether Quinones Rodriguez is a danger to the safety of any other person or to the community. The relevant factors include "the nature and circumstances of the offense charged"; "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." See United States v. Rodriguez, ___ F. Supp. 3d., 2020 WL 1627331, at *11 (E.D. Pa. Apr. 1, 2020).

The government merely argues that Quinones Rodriguez poses a threat to the public safety because he tested positive for COVID-19 and that "[t]his court should deny a sentence reduction on that basis alone." ECF No. 535, at 16. The court disagrees. First, Quinones Rodriguez tested positive for COVID-19 in May 2020, over two months ago.[3] Second, the BOP states that there are only three inmates with confirmed cases of COVID-19 at FCI Elkton,[4] and Quinones Rodriguez states that he is not one of them. Finally, any danger posed by Quinones Rodriguez "can be managed by a mandatory at-home quarantine period . . . [and] recuperating from the virus at home can be substantially healthier than recuperating in prison." See United States v. Ireland, No. 17-cr-20203, 2020 WL 4050245, at *4 (E.D. Mich. July 20,

---

[3] While the CDC states that "[t]he onset and duration of viral shedding and the period of infectiousness for COVID-19 are not yet know with certainty," "scientist believes that person with mild to moderate COVID-19 may shed replication-competent SARS-CoV-2 for up to 10 days following symptom onset." See https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last visited August 25, 2020). To ensure that Quinones Rodriguez is no longer contagious, the court will order him to quarantine for an additional fourteen days following release.
[4] Available at: https://www.bop.gov/coronavirus/ (last visited August 25, 2020).

2020) (citing United States v. Parramore, No. 18-cr-156, 2020 WL 3051300, at *5 (W.D. Wash. June 8, 2020); United States v. Arreola-Bretado, No. 3:19-cr-03410, 2020 WL 2535049, at *3 (S.D. Cal. May 15, 2020)). Therefore, the court finds that Quinones Rodriguez is not a danger to the community.

Second, the court must consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of a sentence reduction.

The government argues that the § 3553(a) factors weigh against a sentence reduction because of Quinones Rodriguez' criminal history. While Quinones Rodriguez pled guilty to a serious drug offense, he has served almost 60% of his sentence. Further, Quinones Rodriguez was sentenced with a criminal history score of three and does not have a violent criminal conviction. In fact, before the current offense, Quinones Rodriguez' criminal history only included two convictions for possession of marijuana and one for disorderly conduct. Also, as discussed above, Quinones Rodriguez does not pose a danger to the safety of the community. Accordingly, the court finds that Quinones Rodriguez is not a danger to the safety

of any other person or to the community and the § 3553(a) factors weigh in favor of compassionate release.

### III.

For the reasons stated herein, the court **GRANTS** Quinones Rodriguez' motion for compassionate release, ECF No. 530, and **MODIFIES** Quinones Rodriguez' sentence of imprisonment to time served, with supervised release with a condition of home confinement to follow for the remaining 36 months of his term of imprisonment, in addition to all of the terms and conditions of supervised release previously imposed. The order will be stayed for up to fourteen days, for the verification of Quinones Rodriguez' residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure his safe release. Quinones Rodriguez shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Quinones Rodriguez' safe release, the parties shall immediately notify the court and show cause why the stay should be extended. Once released, Quinones Rodriguez will self-quarantine at home for fourteen days.

The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 25, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.25 14:36:59 -04'00'

Michael F. Urbanski
Chief United States District Judge